UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO.:

| | |
|---|---|
| VICTOR KEFFER, | ) |
|     Plaintiff, | ) |
| vs. | )   **NOTICE OF REMOVAL** |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
|     Defendant. | ) |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA:

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Metropolitan Life Insurance Company ("Defendant") by and through undersigned counsel, hereby files this Notice of Removal of this case from the General Court of Justice, Superior Court Division, Wake County, North Carolina ("Superior Court"), to the United States District Court for the Eastern District of North Carolina. In support of this Notice, Defendant states as follows:

1. This action is a civil action and was commenced on January 25, 2024 with the filing and issuance of Summons and a Complaint, in the North Carolina General Court of Justice, Superior Court Division for Wake County, captioned "*Victor Keffer v Metropolitan Insurance Company,*" Case No. 24 CV 3039-910. True and correct copies of the documents filed in the state-court action, are attached hereto as Exhibits A and B.

2. The United States District Court for the Eastern District of North Carolina, Western Division, is the federal judicial district embracing the North Carolina General Court of Justice, Superior Court Division for Wake County, where this suit was originally filed. Venue is

therefore proper under 28 U.S.C. §§ 113(a) and 1441(a).

3. Plaintiff served a copy of the Summons and Complaint on CT Corporation, MetLife's agent for service of process, on January 31, 2024. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b). Defendant has not filed a pleading in the Superior Court in this action and this Notice of Removal is filed within 30 days of service on Defendant in accordance with 28 U.S.C. §§ 1441 and 1446. There are no motions pending in the Superior Court at the time of the filing of this Notice of Removal.

4. Removal of this civil action is based upon 28 U.S.C. § 1441. The action is brought in a state court of which the district courts have original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.SC. § 1132(e)(1) and diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**FEDERAL QUESTION JURISDICTION**

5. In his Complaint, Plaintiff alleges that MetLife made various misrepresentations and omissions about the porting of coverage under The Kroger Health and Welfare Benefit Plan (the "Plan"), insured by Group Policy No. 102940-2-G (the "Policy") issued by MetLife to The Kroger Co., Plaintiff's employer. (*See* Compl. at 3 (¶ 13), 13-15 (¶¶ 40-52), 20-22 (¶¶ 66, 68, 70, 73, 75)). Plaintiff seeks payment of compensatory damages, treble statutory damages, statutory civil penalties, costs and attorney's fees. (*See* Compl. at 23 (¶ 81), 28-29 (¶ 103)).

6. Although Plaintiff's claims are couched as state law actions for unfair and deceptive trade practices and unfair debt collection, the United States Supreme Court has held that where Congress so completely preempts a particular area of law, the lawsuit arising under state law becomes federal in character. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *see also Milby v. Liberty Life Assur. Co.*, 102 F. Supp. 3d 922, 927 (W.D. Ky. 2015).

And the Supreme Court has recognized that the comprehensive remedial scheme established by ERISA is one area where Congress intended to provide for complete or super preemption of state law claims. *Taylor* at 64-67; *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (noting that causes of action within the scope of § 1132(a) are removable). Thus, ERISA "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Taylor*, 481 U.S. at 65.

7. Accordingly, when a plaintiff is seeking relief that could have been brought under § 1132, such as Plaintiff here, that action is completely preempted by ERISA, so that "it, therefore, 'arise[s] under the . . . laws . . . of the United States,' 28 U.S.C. § 1331, and is removable to federal court by the defendants, 28 U.S.C. § 1441(b)" *Id*. at 67; *Davila*, 542 U.S. at 210.

8. In this action, it is abundantly clear that Plaintiff's claims are completely preempted by ERISA because he, as a participant in the Plan, seeks relief under the Plan's terms with regard to alleged actions and misrepresentations regarding the Plan's portability benefit. Indeed, Plaintiff extensively block-quotes the terms of the ERISA Plan, which underlie his claims. (*See* Compl. at 4-9 (¶¶ 17-28)). And it is the terms of the ERISA Plan and the ERISA-governed right to port his coverage as expressed by those terms from which Plaintiff draws his state-court claims. For example, he contends that MetLife's actions "relating to the Policy [insuring the ERISA Plan] and porting of elective insurance coverage" and MetLife's alleged misrepresentations "regarding the Policy and the Portable Insurance Policy" harmed him. (*Id.* at 20-21 (¶¶ 66, 68, 73)). As a result, Plaintiff, as a participant, seeks to enforce rights under, and remedy alleged injuries from the administration of, an ERISA Plan—claims that he could have brought under ERISA.

9. For the foregoing reasons, Plaintiff's claims seek remedies regarding an ERISA-governed plan, and this Court therefore has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f). Accordingly, this cause of action, which could have originally been filed in this Court, is subject to removal under 28 U.S.C. § 1441(a) as an action arising under federal law.

## DIVERSITY JURISDICTION

10. Although federal-question jurisdiction clearly exists due to ERISA preemption, diversity jurisdiction supplies additional, alternative grounds for this Court's exercise of jurisdiction.

### A. Diversity of Citizenship

11. At the time of the commencement of this action and at the present time, Plaintiff was and is a citizen and resident of North Carolina. (Compl. at 1 (¶ 2)).

12. At the time of the commencement of this action and at the present time, Defendant was and is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York, New York. (*See also* Compl. at 2 (¶ 3)).

13. This action is therefore between citizens of different states, thereby establishing complete diversity of citizenship between the parties as required by 28 U.S.C. § 1332(a).

### B. Amount in Controversy

14. It is also readily apparent from the face of the Complaint that the amount in controversy in the action exceeds the sum of $75,000.00.

15. Plaintiff expressly alleges in his Complaint that the amount in dispute includes, among other damages, $25,000 in compensatory damages with "treble damages," additional "actual damages in an amount in excess" of $10,000 with "treble damages," statutory civil

penalties up to $4,000 for each alleged violation, plus attorney's fees and expenses. (*See* Compl. at 23 (¶ 81), 28-29 (¶ 103), "Prayer for Relief" paragraph). Altogether, Plaintiff expressly seeks over $130,000 in compensatory and statutory treble damages, before attorney's fees and other statutory penalties are even considered. *See* 28 U.S.C. § 1446 (c)(2) (stating that "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" except where the notice of removal is allowed to challenge it under certain circumstances).

16. Based on the foregoing, Defendant submits that it is facially apparent from Plaintiff's Complaint that he is seeking more than $75,000 in damages.

## MISCELLANEOUS

17. In accordance with 28 U.S.C. § 1446(d), after the filing of this Notice of Removal, Defendant will give written notice thereof to Plaintiff and will file a copy of this Notice with the Clerk of the Superior Court, Wake County, North Carolina.

18. Along with this Notice of Removal, Defendants will tender to the Clerk of this Court the funds necessary to secure removal.

19. This Notice of Removal is filed within thirty (30) days after receipt by Defendants of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

20. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

21. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

22. If any question arises as to the propriety of this removal, Defendant respectfully requests the opportunity to present a brief and argument in support of its position.

Accordingly, Defendant hereby removes this action, from the General Court of Justice, Superior Court Division, Wake County, North Carolina, to the United States District Court for the Eastern District of North Carolina.

This the 28th day of February, 2024.

        MAYNARD NEXSEN, PC

        /s/ Olivia F. Fajen
        Olivia F. Fajen
        N.C. State Bar No. 47730
        ofajen@maynardnexsen.com
        MAYNARD NEXSEN, PC
        800 Green Valley Rd., Suite 500
        Greensboro, NC 27408
        Telephone: (336) 373-1600
        Facsimile: (336) 387-8924
        *Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **NOTICE OF REMOVAL** was duly served upon those set forth below in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure by depositing it in the United States Mail, first-class postage prepaid, addressed as follows:

>Joseph Z. Frost
>Buckmiller, Boyette & Frost, PLLC
>4700 Six Forks Road, Suite 150
>Raleigh, NC 27609
>*Attorney for Plaintiff*

This the 28th day of February, 2024.

MAYNARD NEXSEN, PC

/s/ Olivia F. Fajen
Olivia F. Fajen
N.C. State Bar No. 47730
ofajen@maynardnexsen.com
MAYNARD NEXSEN, PC
800 Green Valley Rd., Suite 500
Greensboro, NC 27408
Telephone: (336) 373-1600
Facsimile: (336) 387-8924
*Attorney for Defendant*
