IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-00131-BO-KS

|  |  |  |
|---|---|---|
| VICTOR KEFFER, | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | O R D E R |
|  | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant. | ) | |
|  | ) | |

This matter comes before the Court on Defendant Metropolitan Life Insurance Company's [MetLife's] motion to dismiss [DE 10]. For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Keffer was first employed by Kroger in 1974. As part of his employment, Keffer was provided with a life insurance policy through MetLife. In 2013, Keffer was diagnosed with colon and liver cancer—the intensive treatments for these cancers prevented him from continuing to perform the material duties of his job at Kroger. Keffer's last day of employment at Kroger was May 3, 2013. Afterwards, while receiving Social Security benefits for his total disability, Keffer sought to continue the life insurance coverage provided to him by MetLife.

Keffer alleges that he provided the necessary information to support his claim of total disability, and completed the necessary steps to port his insurance coverage [DE 1-1 at 12]. He alleges that MetLife approved his request for continuation on February 25, 2014. *Id.* This insurance was scheduled to reduce in coverage on May 22, 2022. *Id.*

As the date of reduction approached, Keffer again sought to continue or convert his life insurance coverage. Keffer alleges that it was then, for the first time, that MetLife informed him

that his coverage had actually expired on May 2, 2014—twelve months after the date of his total disability [DE 1-1 at 13]. Keffer alleges that MetLife's improper actions, whether intentional or negligent, have violated the North Carolina Unfair and Deceptive Trade Practices Act and the North Carolina Debt Collection Act and led to financial, physical, and emotional distress [DE 1-1 at 16].

Defendant MetLife has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). In particular, MetLife claims that Plaintiff's state law claims are completely and expressly preempted by the Employee Retirement Income Security Act of 1974, or ERISA [DE 11 at 3].

## ANALYSIS

A motion for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard does not require detailed factual allegations, *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 212 (4th Cir. 2019), but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must allow the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. Although the court accepts the factual allegations as true, the court does not accept the complaint's legal conclusions, so "simply reciting the cause of actions' elements and supporting them by conclusory statements does not meet the required standard." *ACA Financial Guaranty Corporation*, 917 F.3d at 212.

The well-pleaded complaint rule is qualified in the context of ERISA by the doctrine of complete preemption. The Supreme Court has expressly stated that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). A state law claim falls within the preemptive purview of the ERISA enforcement mechanism "if an individual, at some point in time, could have brought his claim under [the ERISA enforcement mechanism], and [ ] there is no other independent legal duty that is implicated by a defendant's actions." *Id.* at 210.

The Fourth Circuit has stated this test in terms of three requirements: "(1) the plaintiff must have standing under [29 U.S.C. § 1132](a) to pursue its claim; (2) its claim must 'fall within the scope of an ERISA provision that it can enforce via § [1132](a)'; and (3) the claim must not be capable of resolution 'without an interpretation of the contract governed by federal law,' i.e., an ERISA-governed employee benefit plan." *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 177 (4th Cir. 2017). A state law can also be conflict-preempted under ERISA if it "has a connection with or reference to such a[n ERISA-governed] plan." *Kearney v. Blue Cross and Blue Shield of North Carolina*, 233 F. Supp. 3d 496, 502 (M.D.N.C. 2017).

Here, the Plaintiff seeks to recover alleged damages from actions taken during the administration and subsequent porting of an insurance policy and plan. Plaintiff's unfair and deceptive trade practices claim emerges from MetLife's alleged mishandling of Plaintiff's requests

3

to continue and port his insurance coverage. *See Wilmington Shipping Co. v. New England Life Ins. Co.*, 496 F.3d 326, 342 (4th Cir. 2007) (unfair and deceptive trade practices claim expressly preempted by ERISA). Plaintiff's debt collection claim emerges from payment obligations and terms present within the ERISA-governed plan. *See Jenkins v. Moses H. Cone Mem'l Health Servs. Corp.*, 2016 WL 9406697, at *7 (E.D.N.C. 2016) (debt collection claim expressly preempted by ERISA). Both of these claims are exceedingly similar to ones that have previously been found to be preempted by ERISA.

Arguing against preemption, Plaintiff claims that state consumer protection statutes, such as North Carolina's unfair and deceptive trade practices and debt collection statutes, have "historically fallen into the purview of the states' broad police powers, to which the courts have afforded special solemnity." DE 19 at 4 (citing *In re Pryor*, 479 B.R. 694, 698 (Bankr. E.D.N.C. 2012)). Further, Plaintiff argues that state law claims are not preempted by ERISA when "the complaint charge[s] [a plan administrator] with conduct that is entirely unrelated to its duties under the ERISA plan." DE 19 at 8 (citing *Darcangelo v. Verizon Commc'ns., Inc.*, 292 F.3d 181, 190 (4th Cir. 2002)).

However, such is not the case here. "[T]he purpose of Congress is the ultimate touchstone in every pre-emption case," *Wyeth v. Levine*, 555 U.S. 555, 565 (2009), and "ERISA includes expansive pre-emption provisions... which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern,'" *Aetna Health Inc.*, 542 U.S. 200, 208. Both of Plaintiff's state law claims are based on the rights and duties arising from the ERISA-governed plan, and are "not [ ] capable of resolution 'without an interpretation of the contract governed by federal law.'" *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 177 (4th Cir. 2017). This is evidenced

4

in Plaintiff's own complaint by the extensive block quoting and reference to the terms of the benefit plan.

It is impossible to evaluate Plaintiff's state law claims without reference to an ERISA-governed policy or plan, and Plaintiff's claims allege no conduct on behalf of Defendant unrelated to plan administration. Plaintiff's state law claims are therefore completely preempted by ERISA's civil enforcement mechanism. Accordingly, Defendant MetLife is entitled to dismissal of Plaintiff's state law claims.

## CONCLUSION

For the foregoing reasons, Defendant MetLife's motion to dismiss [DE 10] is GRANTED IN PART and DENIED IN PART. The Plaintiff's state law claims are DISMISSED. The Plaintiff may, according to law, re-plead his complaint under ERISA's civil enforcement mechanism. The Defendant's motion to dismiss Plaintiff's demand for punitive damages and to strike Plaintiff's jury trial demand are, at this time, DENIED AS MOOT.

SO ORDERED, this /2 day of March 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE